IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| *Plaintiff* § | |
| § | |
| v. § | 1:22-cr-00211-RP-3 |
| § | |
| **DOLORES DRAPER MADDOX (3)** § | |
| *Defendant* § | |

## ORDER

This matter came before the Court on November 20, 2023, for a hearing on the Pretrial Services Office's November 17, 2023 Petition for Action on Conditions of Pretrial Release ("Petition") (Dkt. 231). Defendant Dolores Draper Maddox appeared pursuant to a summons, and the revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On October 4, 2022, Defendant was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Dkt. 1. She has been on pretrial release since October 17, 2022, and her conditions of release have been modified twice. Dkts. 77, 91, 99.

Defendant pled guilty to Conspiracy with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) on June 26, 2023. Dkt. 184. On October 11, 2023, the District Court sentenced Defendant to 36 months imprisonment, followed by a three-year term of supervised release. Dkt. 220. Her voluntary surrender date is January 4, 2024.

In the Petition, the Pretrial Services Officer states that on October 19, 2023, Defendant submitted a drug test that confirmed positive results for methamphetamine. Defendant admits using methamphetamines.

The Court has considered the Pretrial Services Report, the Petition, and the arguments of counsel for Defendant and the Government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant violated Condition 7(m) of her release, requiring that she not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Because she has been found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C) and is awaiting execution of her sentence, the Court further finds that Defendant is not eligible for release under 18 U.S.C. § 3143(a)(2).

Nonetheless, the Court finds that Defendant should remain on release pursuant to the factors set forth in 18 U.S.C. § 3142(g), and specifically, due to her physical condition under 18 U.S.C. § 3142(g)(3)(A). On October 20, 2023 – the day after her positive drug test – Defendant underwent a craniotomy for evacuation of subdural hematoma caused by a ruptured aneurysm. She remains at risk for severe head trauma, including another aneurysm or stroke, and requires medical care and medication. Under these circumstances, the Government does not object to Defendant's continued release.

For these reasons, the Court **DENIES** the Petition for Action on Conditions of Pretrial Release (Dkt. 231). Defendant is **ORDERED** to abide by all conditions of release and follow all instructions from Pretrial Services, and admonished that any further violation is likely to result in revocation of her release.

**SIGNED** November 20, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE